

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Tecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

24 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.... Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

10 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 28, 1984

Mr. Bill Hale
Executive Director
Texas Commission on Human Rights
P. O. Box 13493, Capitol Station
Austin, Texas   78711

Opinion No.  JM-275

Re: Whether the confidentiality provisions of article 5221k, V.T.C.S., apply to local human relations commissions

Dear Mr. Hale:

Article 5221k, V.T.C.S., authorizes referral actions between the Texas Commission on Human Rights and local human rights commissions with regard to certain employment discrimination complaints. See §4.01 et seq. In light of this unique state-local working relationship, you ask whether the act's confidentiality provision applies to complaints referred by the state commission to local commissions.

The confidentiality provision of article 5221k protects certain complaint-related information which the Texas Open Records Act, V.T.C.S. art. 6252-17a, might otherwise require be disclosed. This provision, section 8.02(a), provides that

> [a]n officer or employee of the commission may not make public any information obtained by the commission under its authority under Section 6.01 of this Act except as necessary to the conduct of a proceeding under this Act.

The Open Records Act recognizes statutory confidentiality provisions such as section 8.02(a) as exceptions to required public disclosure. V.T.C.S. art. 6252-17a, §3(a)(1). Consequently, when information which falls within section 8.02(a) is held by the state commission, it may not be disclosed. Section 8.02(a) prohibits "[a]n officer or employee of the commission" from disclosing certain information. "Commission" in article 5221k refers to the Texas Commission on Human Rights. See §2.01(2); compare §2.01(9). The provision does not apply directly to local commissions. Nevertheless, you ask whether this information retains its confidential character when it is transferred from the state commission to a local commission.

A preliminary clarification of the kind of local action in question is necessary. Article 5221k provides for two distinct methods that political subdivisions may employ to promote freedom from employment discrimination. Attorney General Opinion JM-228 (1984). Section 4.01 of the act authorizes the adoption and enforcement of local ordinances that prohibit practices designated as unlawful under article 5221k or under other laws. This type of local action does not involve a system of referrals from the state commission. Any protection from disclosure of information related to employment discrimination complaints which are made solely pursuant to local ordinances must stem from the exceptions found within the Texas Open Records Act. See V.T.C.S. art. 6252-17a, §3; see, e.g., §3(a)(1) (including common-law and constitutional privacy); §3(a)(3) (information relating to litigation).

The second type of local action provided for in article 5221k involves referrals from the state commission. See §§4.03(5), 4.04(a). These actions are guided by article 5221k rather than by the provisions of a local ordinance. See JM-228 (1984). You suggest that section 8.02(a) protects information transferred from the state commission to local commissions in these referral actions.

We agree with your suggestion that, because of the authorized state-local interaction, the state-level protection of section 8.02 is not lost when protected information is transferred from the state commission to a local commission pursuant to sections 4.03 and 4.04 of article 5221k. This conclusion results from the express authorization for such referrals and from the continuing supervision the state commission exercises over the referred complaints. See §4.04(b). Numerous attorney general opinions indicate that confidential information may be transferred from one state agency to another state agency without destroying the confidential character of the information. See, e.g., Attorney General Opinions H-917 (1976); H-242 (1974). Similarly, confidential information may be disclosable to county and municipal governments when they act as quasi-agencies of the state. Attorney General Opinion H-836 (1976).

Nevertheless, the protection of article 5221k from public disclosure extends only to the information covered by section 8.02(a). Section 8.02(a) grants confidential status, except as necessary to the conduct of a proceeding under article 5221k, to "any information obtained by the commission under its authority under Section 6.01 of this Act. . . ." The confidentiality of other information would depend upon specific provisions of the Open Records Act. Section 6.01 deals with state commission actions to encourage voluntary resolution of complaints. Persons who have initiated actions in court or who have actions pending before an administrative agency may not file a complaint with respect to the same grievance under section 6.01.

Consequently, the scope of the confidentiality protection of section 8.02(a) is limited.

### S U M M A R Y

Information regarding employment discrimination complaints which is protected by section 8.02(a) of article 5221k retains its confidential character when it is transferred from the Texas Commission on Human Rights to a local human rights commission pursuant to section 4.04 of article 5221k.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton